**Lee Christian LOWES, Plaintiff,**

v.

**Homer E. SAYAD, et al., Defendants.**

**No. 83–2965C(6).**

United States District Court,
E.D. Missouri.

Aug. 15, 1985.

Anne O. McCarthy, St. Louis, Mo., for plaintiff.

James J. Wilson, City Counselor, Kathleen A. Gormley, Asst. City Counselor, St. Louis, Mo., for defendants.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on defendants' motion for summary judgment on plaintiff's claim that he was denied employment in violation of his rights under the equal protection clause of the fourteenth amendment.[1]

In May 1981 plaintiff applied for a position as a police reserve officer with the reserve unit of the St. Louis Metropolitan Police Department. Reserve officers are assigned to the Bureau of Field Operations for duties on parade details, traffic control and special events. Based upon plaintiff's written application and a medical examination it was determined that plaintiff suffered from heat sensitivity. Plaintiff was denied employment on the ground that he was not physically fit for reserve officer work.

Under Rule 56(c) of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact, and that (he) is entitled to judgment as a matter of law." In the present case the duties police reserve officers are called upon to perform are not in dispute, nor, for purposes of plaintiff's equal protection claim, is it disputed that plaintiff does suffer from sensitivity to high temperatures.

The Court concludes that the classification of prospective reserve police officers into those who pass the medical examination and those who do not is rationally related to the legitimate goal of insuring the employment of individuals who can perform the required tasks. The classification here does not operate to disadvantage a suspect class or interfere with a fundamental right. Thus, the proper analysis is rationality rather than strict scrutiny. *See Frontiero v. Richardson,* 411 U.S. 677, 93 S.Ct. 1764, 1768, 36 L.Ed.2d 583 (1973). *See also Simon v. St. Louis County,* 656 F.2d 316, 322–23 (8th Cir.1981) (no equal protection violation in refusing to reinstate former police officer because of physical handicap); *Carmi v. Metropolitan St. Louis Sewer District,* 620 F.2d 672, 676 (8th Cir.1980) (no equal protection violation in denying employment to applicant for job of storekeeper based on applicant's physical condition).

Accordingly, summary judgment is entered in favor of defendants on plaintiff's equal protection claim.

---

1. Defendants have previously been granted summary judgment on plaintiff's claim under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.,* and on plaintiff's due process claim. *Order and Memorandum,* March 1, 1985.